```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MOHAMMED GOLAM SHARIF and            :
FARID AHMMED SHARIF,                 :
                                     :
                    Plaintiffs,      :
                                     :         **SUMMARY ORDER**
           -against-                 :         14-CV-2930 (DLI)
                                     :
JOHN KERRY, U.S. Secretary of State, :
and JEH JOHNSON, Secretary,          :
U.S. Department of Homeland Security,:
                                     :
                    Defendants.      :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On May 8, 2014, Plaintiffs filed the instant action alleging that a Consular Officer with the Bangladesh Consulate improperly refused to issue a visa to Farid Ahmmed Sharif ("Farid Ahmmed"). (*See* Complaint ("Compl."), Dkt. Entry No. 1.) On July 15, 2014, Defendants moved to dismiss for lack of subject matter jurisdiction, or, alternatively, improper venue. (*See* Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Mem."), Dkt. Entry No. 5-1.) For the reasons set forth below, the Defendants' motion is granted and this action is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Mohammed Golam Sharif ("Mohammed Golam") alleges that he petitioned for an "immediate relative" visa for his son, Farid Ahmmed, a native and citizen of Bangladesh. (Comp. ¶ 1.) He alleges that the United States Citizenship and Immigration Services ("USCIS") approved the request, but that a Consular Officer in Bangladesh denied issuance of the visa to Farid Ahmmed on the ground that he had made a material misrepresentation. (*Id*. at ¶¶ 2, 4.) Plaintiffs assert that the Consular Officer's decision was capricious, in violation of the Foreign

Affairs Manual § 40.63, and lacking in a factual basis. (*Id*. at ¶¶ 4, 22-24, 44.) Plaintiffs seek a writ of mandamus compelling the issuance of the visa to Farid Ahmmed and a declaratory judgment stating that the refusal to issue Farid Ahmmed his visa was unlawful. (*Id*. at ¶¶ 47-54, 55-60.)

**DISCUSSION**

A.   Standard of Review

In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true all factual allegations in the complaint, but should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F. 3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F. 3d 635, 638 (2d Cir. 2005). In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings. *Makarova*, 201 F. 3d at 113. Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the court must address the 12(b)(1) motion first. *Sherman v. Black*, 510 F. Supp. 2d 193, 197 (E.D.N.Y. 2007) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F. 2d 674, 678 (2d Cir. 1990)).

B.   The Doctrine of Consular Non-Reviewability

Defendants argue that review of the complaint is barred by the doctrine of consular non-reviewability. (Defs.' Mem. at 2-5.) Consular non-reviewability refers to the "long-standing judicial practice of refusing to review a consular official's decision to issue or withhold a visa."

2

*Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400, 417 (S.D.N.Y. 2006) (citing *Saavedra Bruno v. Albright*, 197 F. 3d 1153, 1159 (D.C. Cir. 1999)). "It has been applied by courts to preclude lawsuits by aliens – or their U.S. citizen sponsors – challenging a consular official's denial of a visa." *Id*. (citing *Saavedra Bruno*, 197 F. 3d at 1155; *Hsieh v. Kiley*, 569 F. 2d 1179, 1181 (2d Cir. 1978)). The doctrine is well established and beyond dispute. *See Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972) ("The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications." (quoting *Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895)).

Congress has vested the United States consulate officers with the exclusive power to issue or deny visas. 8 U.S.C. § 1101(a)(9), (16); 8 U.S.C. §1201(a); *see also* 8 U.S.C. § 1104(a)(1) ("The Secretary of State shall be charged with the administration and the enforcement of . . . immigration and nationality laws relating to (1) the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas*." (emphasis added)). As such, district courts have no jurisdiction to review a consular official's decision to deny a visa to a foreign national. *Hsieh*, 569 F. 2d at 1181 ("It is settled that the judiciary will not interfere with the visa-issuing process.") (collecting cases); *Rivera de Gomez v. Kissinger*, 534 F. 2d 518, 519 (2d Cir. 1976) (affirming the district court's holding that it "lacks jurisdiction to review the acts of American consular officials abroad in determining whether or not to issue a visa").

Accordingly, to the extent that Plaintiffs seek judicial review of the denial of Farid Ahmmed's visa application, the complaint must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Harinarine v. Nat'l Visa Ctr.*, 2013 WL 3766528, at *2-3 (E.D.N.Y. Jul. 15, 2013); *Morales v. Goldbeck*, 2013 WL 937825, at *3 (E.D.N.Y. Mar. 11, 2013) ("[D]istrict courts have no jurisdiction to review a consular official's decision to deny a visa to a foreign national.").

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted and this case is dismissed in its entirety with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
 March 6, 2015

_____/s/_____
DORA L. IRIZARRY
United States District Judge